[Cite as *State v. Grant*, 2015-Ohio-5197.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2015 CA 0010 |
| TIMOTHY GRANT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  14 CR 497D


JUDGMENT:                                     Affirmed


DATE OF JUDGMENT ENTRY:         December 11, 2015


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

BAMBI COUCH PAGE                    RANDALL E. FRY
PROSECUTING ATTORNEY           10 West Newlon Place
38 South Park Street                       Mansfield, Ohio  44902
Mansfield, Ohio  44902

*Wise, J.*

{¶1}   Appellant Timothy Grant appeals his conviction for Rape entered in the Richland County Court of Common Pleas following a trial by jury.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   On June 10, 2003, the victim in this case, R.D., reported that she was raped at gunpoint by a man she knew as "Darryl". (T. at 157-160, 201). The rape had taken place inside Goodwill Store in Ontario, Ohio. (T. at 170). The victim had met the man, later identified as Appellant, earlier in the day at a car wash in Mansfield. (T. at 195). She knew him from seeing him previously at her sister-in-law's house, where individuals had purchased drugs from him. (T. at 196). The victim talked to him and purchased marijuana from Appellant while at the car wash. (T. at 197). She also arranged to meet him later at the Goodwill Store because she also wanted to buy crack cocaine from him, and Appellant did not have any with him at the car wash. (T. at 198).

{¶4}   When the victim and Appellant met at the Goodwill Store, they went into a unisex restroom so no one would see their drug transaction. (T. at 201). Once inside the restroom, Appellant pointed a gun at her, told her to be quiet or he would kill her, and forced her to have oral and vaginal intercourse with him without her consent. (T. at 201, 203, 205).

{¶5}   After reporting the incident to her grandmother, the victim reported the incident to the Ontario Police Department and went to the hospital for a SANE exam. (T. at 208). A rape kit was completed by SANE nurse, Lisa Salser. (T. at 249-260).

Eventually, Officer Fetzer took the rape kit as evidence and logged it into the Ontario evidence room. (T. at 162).

{¶6} At the time of her statements to police, the victim told Officer Mark Fetzer that the man lived somewhere on Harmon Avenue, in Mansfield, Ohio. (T. at 160). Even though R.D. went with officers over to Harmon Avenue and pointed out the man's house (T. at 210), a woman living in the home denied anyone of the description given by the victim lived in the house. (T. at 276). The case went cold and remained unsolved until 2013.

{¶7} In 2013, as part of the Sexual Assault Kit Initiative instituted by Ohio Attorney General Michael De Wine, Detective Jon Sigler located the sexual assault kit being held in the Ontario evidence room. (T. at 277). He sent the kit to the Ohio Attorney General's Bureau of Criminal Investigation crime lab for testing. Heather Bizub, a DNA analyst with the Ohio Attorney General's Bureau of Criminal Investigation received the evidence kit. (T. at 337). Testing conducted on the items in the rape kit produced a CODIS hit that identified Appellant as the major source of the DNA on the vaginal swabs. (T. at 343, 345-346).

{¶8} In February of 2014, Ms. Bizub notified the Ontario Police Department of her findings and the CODIS hit. (T. at 279). Detective Sigler then compared the known information about the suspect at the time of the crime with the information known about Appellant. (T. at 281-282). That information appeared to match. Detective Sigler then located Appellant to obtain a new DNA sample to confirm the CODIS hit. *Id.* He also arranged to take a statement from Appellant, who denied he knew the victim or anything about the case. (T. at 303, 305).

{¶9} Appellant did confirm, however, that he had lived at 323 Harmon Avenue, Mansfield, Ohio. (T. at 302). The new DNA sample confirmed Appellant's identity as the source of the DNA found by Ms. Bizub during her preliminary testing.

{¶10} On August 12, 2014, Appellant was indicted on one count of Rape, in violation of R.C. §2907.02(A)(2). As Appellant was incarcerated within the Ohio prison system for other sexual assault crimes, Appellant was not arraigned upon the charges until September 4, 2015.

{¶11} On January 15 and 16, 2015, the matter proceeded to a jury trial. Following deliberation, the jury found Appellant guilty of the crime of rape.

{¶12} On January 20, 2015, the trial court sentenced Appellant to a prison term often (10) years to be served consecutively to the other crimes for which Appellant was already serving a sentence in the Ohio prison system. Appellant was also designated a Tier III sex offender.

{¶13} Appellant now appeals, raising the following error for review:

**ASSIGNMENT OF ERROR**

{¶14} "I. THE TRIAL COURT ERRED IN NOT PERMITTING THE APPELLANT'S TRIAL COUNSEL TO RECALL OFFICER MARK FETZER FOR THE PURPOSE OF SHOWING INCONSISTANT [sic] STATEMENTS MADE BY THE VICTIM."

**I.**

{¶15} In his sole Assignment of Error, Appellant argues that the trial court erred in denying his request to recall Officer Fetzer. We disagree.

{¶16} At trial, counsel or Appellant attempted to cross-examine Officer Fetzer with regard to statements made to him by the victim as to location of the crime. (T. at 166-

167). The State objected, arguing such testimony would be hearsay. (T. at 166). The trial court sustained the objection.

{¶17} The following exchange took place between counsel or Appellant and the trial court:

COURT: What does it say in the report she said?

MR. CORLEY: Says she met the defendant at the car wash.

COURT: Okay.

MR. CORLEY: And then from there, Your Honor, the next question is what the other findings were in the report. It indicates that she asked him for weed. She wasn't wearing any panties.

COURT: Can't you get that from the victim herself? And then if it turns out she says something different than what it says in those documents, you could bring him back in that case, couldn't you?

MR. CORLEY: Yeah. Yeah.

COURT: I would say that would probably be the better way to handle it.

MR. CORLEY: I will just do that. I will reserve him for that, I guess.

COURT: Because if you bring her in and she testifies these things aren't true and she told him something different, you know, unless you can show they are excited utterances or something like that, then I think it makes more sense to let her say it. And then if she doesn't, then you may be under some hearsay exception here.

MR. CORLEY: All right. I will do that.

COURT: All right. Thanks.

(T. at 167-168).

{¶18} Counsel for Appellant did cross-examine the victim at trial. He asked her about the statements she made to Officer Fetzer about the location of the car wash where she met Appellant. (T. at 219). He also cross-examined her about how long she had known Appellant prior to the rape. (T. at 234-236).

**{¶19}** Trial counsel then requested that he be allowed to recall Officer Fetzer for the purpose of impeaching the victim as to her testimony as it related to the location of the car wash and the length of time she knew Appellant. The trial court denied the request.

**{¶20}** The admission or exclusion of evidence at trial falls within the sound discretion of the trial court. Evid.R. 104; *State v. Heinish,* 50 Ohio St.3d 231, 553 N.E.2d 1026 (1990). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶21}** Hearsay is an out-of-court statement offered for the truth of the matter asserted. Evid.R. 801(C). Generally, hearsay statements are inadmissible at trial unless the statement comes in under a recognized exception. Campbell argues that he should have been allowed to cross-examine Officer Coyne about his source for the information contained in the report under the business records exception for hearsay contained in Evid.R. 803(6) and the public records exception contained in Evid.R. 803(8).

**{¶22}** Upon review, we find no prejudice to Appellant as a result of the trial court's denial. Neither the location of the car wash nor the length of time the victim had known Appellant were materially relevant to the facts in this case. The rape itself occurred at the Goodwill store, not the car wash. How long the victim had known Appellant was irrelevant. Neither of these issues go to any of the elements of the offense of Rape in this matter.

**{¶23}** Any testimony elicited from Officer Fetzer as to statements made to him by the victim would have been based on hearsay statements and thus inadmissible. Accordingly, the trial court did not abuse its discretion, nor violate Appellant's due process

rights in prohibiting defense counsel's cross-examination of Officer Fetzer about the victim's earlier statements.

{¶24} Based on the foregoing, we find Appellant's sole Assignment of Error not well-taken and hereby overrule same.

{¶25} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 1207